1

2

3

4

5

6

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    DEAN LANE, et.al.,                              CASE NO. CV-F-07-1820 LJO DLB

12                        Plaintiff,              **ORDER DENYING PLAINTIFFS'**
                                                 **EX PARTE APPLICATION FOR RIGHT TO**
13              vs.                               **ATTACH ORDER AND ORDER FOR**
                                                 **ISSUANCE OF WRIT OF ATTACHMENT**
      SMILING EARTH ENERGY, LLC,
14    et al,

15                        Defendants.
      _____/
16

17         Plaintiffs Dean Lane, Deborah Lane, Jenni Braunberger and Rick Foy ("Plaintiff's") filed this

18    action on December 13, 2007, alleging that defendants Smiling Earth Energy, LLC, SMS Holding

19    Company, Clifford Cowles and Bernhard Mock ("Defendants") breached the terms of certain promissory

20    notes entered into on July 16, 2007 by failing to make payments as required and by failing to secure the

21    notes by recording an interest against property commonly known as 19329 South Lake Road, Taft,

22    California 93268, Kern County Assessor's Parcel Number 220-110-38 ("Taft Property").  On December

23    28, 2007, Plaintiffs filed the instant Ex Parte Application for Right to Attach Order and Order for

24    Issuance of Writs of Attachment seeking to attach the Taft Property.  Plaintiffs did not request a hearing.

25         After reviewing the papers submitted by Plaintiffs, the Court finds that Plaintiffs have failed to

26    establish "great or irreparable injury." CCP 485.010(a). Because Plaintiffs seek the issuance of the right

27    to attach order on an ex parte basis, the evidence submitted must show that the property sought to be

28    attached would be concealed, substantially impaired in value, or to be made unavailable to levy if a

                                                    1

1   noticed hearing were required.  CCP 485.010(b)(1).

2       In support of their application, Plaintiffs submit the Declaration of James D. Ciampa, wherein

3   Mr. Ciampa states that he performed a search of the Kern County Recorder's internet website which

4   revealed that Defendants have not recorded a deed of trust against the Taft Property as agreed and further

5   that there was a deed of trust recorded against the Taft Property by another party on July 25, 2007

6   securing a loan in the principal amount of $740,000.  Mr. Ciampa also states that his internet search

7   revealed a Lis Pendens against the Taft Property relating to litigation filed against defendant Smiling

8   Earth Energy, LLC in an unrelated action in the Kern County Superior Court.  Mr. Ciampa represents

9   that Smiling Earth Energy, LLC is also the subject of additional litigation relating to the sum of

10  $100,000.  Plaintiffs argue that under these circumstances, it is evident that defendant Smiling Earth is

11  generally not paying its debts as they become due and plaintiffs would suffer great or irreparable injury

12  if the issuance of the requested writ was delayed because additional creditors, or Smiling Earth Energy

13  itself, could take action to further encumber the Taft Property, which would leave Plaintiffs with no

14  valued security interest in the Taft Property.

15      Mr. Ciampa's conclusory statement that defendant Smiling Earth Energy is generally not paying

16  debts as they become due and that additional creditors "could" take action to further encumber the Taft

17  Property is not sufficient evidence to warrant the issuance of an ex parte writ of attachment.  Plaintiffs

18  have not demonstrated that there is a danger that the Taft Property will become unavailable, only that

19  they may lose priority.  This evidence is insufficient for the Court to conclude that Plaintiffs will suffer

20  great or irreparable injury without the issuance of the request writ of attachment.  For these reasons,

21  Plaintiffs' Ex Parte Application for Right to Attach Order and Order for Issuance of Writ of Attachment

22  is DENIED without prejudice to filing a regularly noticed motion.

23      IT IS SO ORDERED.

24  **Dated:   January 23, 2008**          **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2