IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN LANE, et al, | CASE NO. CV F 07-1820 LJO DLB |
| Plaintiff, | |
| vs. | **SCHEDULING CONFERENCE ORDER** |
| SMILING EARTH ENERGY, et. al, | Expert Disclosure: May 1, 2008 |
| Defendant. | Nonexpert Discovery Cutoff: May 28, 2008 |
| | Expert Discovery Cutoff: May 28, 2008 |
| | Pretrial Motion Filing Deadline: June 9, 2008 |
| | Pretrial Motion Hearing Deadline: July 11, 2008 |
| | Settlement Conf.: Date: May 9, 2008 Time: 11:00 a.m. Dept.: 10 (GSA) |
| | Pretrial Conf.: Date: July 30, 2008 Time: 8:30 a.m. Dept.: 9 (DLB) |
| | Jury Trial: (4 days est.) Date: Sept. 8, 2008 Time: 9 a.m. Dept.: 9 (DLB) |

1

This Court conducted a March 24, 2008 scheduling conference. Plaintiffs Dean Lane and Deborah Lane, Trustees of the Dean and Deborah Lane Living Trust, Jenni Braunberger and Rick Foy appeared by telephone by counsel James Ciampa. Defendants Bernhard L. Mock, Jr. appeared by telephone by counsel Paul Horgan. No other appearances by any other defendants were made. Pursuant to F.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1.    Amendment To The Parties' Pleadings**

The parties propose no amendments to their respective pleadings.

**2.    Consent To Magistrate Judge**

All parties consent to the conduct of further proceedings, including trial, by a United States Magistrate Judge. Accordingly, this Court ORDERS the parties' counsel, **no later than April 2, 2008,** to obtain a Consent to Exercise of Jurisdiction by a United States Magistrate Judge ("consent form") from the Court's website and to date, sign and file the consent form.

**3.    F.R.Civ.P. 26(a)(1) Initial Disclosures**

The parties have served their respective F.R.Civ.P. 26(a)(1) initial disclosures.

**4.    Expert Witnesses**

Initial expert witness disclosures by any party shall be served no later than **May 1, 2008**. Such disclosures must be made pursuant to F.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, F.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence for failure to strictly comply with F.R.Civ.P. 26(e).

**5.    Discovery Cutoffs And Limits**

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **May 28, 2008**. All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **May 28, 2008**.

/////

**6.     Pretrial Motion Schedule**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **June 9, 2008**. All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **July 11, 2008**.

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**7.     Mandatory Settlement Conference**

This Court sets a settlement conference for **May 9, 2008 at 11:00 a.m.** in Department 10 (GSA) before United States Magistrate Judge Gary Austin. Unless otherwise permitted in advance by the Court, <u>the attorneys who will try the case</u> shall appear at the settlement conference <u>with the parties and the person or persons having full authority</u> to negotiate and settle the case, on any terms, at the conference.

**No later than five court days before the conference,** each party shall submit <u>directly to the settlement conference judge's chambers</u> a confidential settlement conference statement. This statement <u>should neither be filed with the clerk of the Court nor served on any other party</u>. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A.     A brief statement of the facts of the case;

B.     A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C.     A summary of the proceedings to date;

D.     An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E.     The relief sought; and

F.     The party's position on settlement, **including the amount which or otherwise what the**

**party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so that the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**8.    Pretrial Conference**

This Court sets a pretrial conference for **July 30, 2008 at 8:30 a.m.** in Department 9 (DLB) of this Court. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to dlborders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness lists, exhibits, jury instructions, objections, and other trial documents.

**9.    Trial Date**

A 4 day jury trial is set for **September 8, 2008 at 9 a.m.** in Department 9 (DLB) of this Court.

**10.    Effect Of This Order**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with

1  attached exhibits, where appropriate, which establish good cause for granting the relief requested.

2  Failure to comply with this order shall result in the imposition of sanctions.

3  **IT IS SO ORDERED.**

4  **Dated:   March 24, 2008**                             **/s/ Lawrence J. O'Neill**
                                                                          **UNITED STATES DISTRICT JUDGE**