# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEAN LANE AND DEBORAH LANE, et al., ,<br><br>Plaintiffs,<br><br>v.<br><br>SMILING EARTH ENERGY, LLC, et al.,<br><br>Defendants. | 1:07cv01820 DLB<br><br>ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT<br><br>(Document 30) |

Plaintiffs Dean Lane and Deborah Lane, as Trustees of the Dean and Deborah Lane Living Trust, Jenni Braunberger and Rick Foy ("Plaintiffs") filed the instant motion for default judgment on June 3, 2008. The matter was heard on July 25, 2008, before the Honorable Dennis L. Beck, United States Magistrate Judge. James Ciampa appeared on behalf of Plaintiffs. Defendants did not appear.

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the United States Magistrate Judge for all purposes.

## **BACKGROUND**

Plaintiffs filed this breach of contract action on December 13, 2007. The remaining Defendants are Smiling Earth Energy, LLC ("SEE") and Clifford M. Cowles.[1] Plaintiffs assert

---

[1] Defendant SMS Holding Company, LLC was dismissed on January 23, 2008. Defendant Bernard L. Mock, Jr., was dismissed on June 10, 2008, after reaching a settlement.

1

1  causes of action for violation of the Racketeer Influenced and Corrupt Organization Act
2  ("RICO"), breach of contract, fraud, breach of the implied covenant of good faith and fair
3  dealing, conversion and money had and received.
4     On January 25, 2008, Plaintiffs filed Certificates of Service with the Court indicating that
5  Defendants SEE and Cowles were served with the summons and complaint on December 28,
6  2007.  Cowles was personally served individually and as the authorized agent for SEE.
7     On February 11, 2008, Plaintiffs requested that the Clerk enter default against SEE and
8  Cowles.  Default was entered on February 12, 2008.
9     On June 3, 2008, Plaintiffs filed the instant motion for default judgment, seeking a total
10 judgment of $847,671.67.  Plaintiffs state that this amount is subject to offset by the sum of
11 $35,000- the amount for which Plaintiffs settled the action with Defendant Mock.

**FACTS AND CAUSES OF ACTION ALLEGED IN THE COMPLAINT**

13    The causes of action arise out of three promissory notes dated July 16, 2007, between
14 Plaintiffs and SEE, broken down as follows:  (1) By promissory note dated July 16, 2007,
15 Plaintiff Lane lent SEE the sum of $100,000 in exchange for SEE's promise to repay the loan
16 with an "investment return" of $25,000 on or before October 1, 2007.  The note was to be
17 secured by a recorded interest against the property known as 19329 South Lake Road, Taft,
18 California ("Taft Property"); (2)  By promissory note dated July 16, 2007, Plaintiff Braunberger
19 lent SEE the sum of $100,000 in exchange for SEE's promise to repay the loan with an
20 "investment return" of $25,000 on or before October 1, 2007.  The note was to be secured by the
21 Taft Property; and (3) By promissory note dated July 16, 2007, Plaintiff Foy lent SEE the sum of
22 $50,000 in exchange for SEE's promise to repay the loan with an "investment return" of $12,500
23 on or before October 1, 2007.  The note was to be secured by the Taft Property.
24    On or about October 12, 2007, Plaintiffs Lane and Braunberger agreed with Defendant
25 SEE to extend the maturity dates to November 12, 2007, in exchange for a return of interest on
26 the original principal at the rate of 15 percent per annum.

1     On November 15, 2007, all Plaintiffs informed SEE, through communication with
2  Cowles, that SEE was in default under all three promissory notes. Plaintiffs demanded that all
3  monies owed be paid by November 16, 2007.
4     Defendants have not made any payments on the notes, nor have they recorded the notes
5  against the Taft Property.
6     The First Cause of Action for violation of RICO alleges that SEE develops biodiesel fuel
7  products and builds biodiesel plants, and is engaged in interstate commerce. It further alleges
8  that it induced Plaintiffs, including through the use of electronic transmissions, to sign
9  promissory notes and wire funds for SEE's benefit by promising to repay Plaintiffs and to secure
10 the notes with the Taft Property. Plaintiffs allege that this was a scheme devised by Defendants
11 to obtain money from Plaintiffs by wire transfer, and constituted wire fraud. 18 U.S.C. § 1343.
12 The acts were committed against each Plaintiff, which constitutes a pattern of racketeering
13 activity. 18 U.S.C. § 1961(5). As a result of Defendants' conduct, Lane suffered damages in the
14 approximate amount of $150,000, Braunberger in the approximate amount of $150,000 and Foy
15 in the amount of $90,000. Lane and Braunberger seek treble damages in the amount of $450,000
16 each, and Foy seeks treble damages in the amount of $270,000. 18 U.S.C. § 1964(c). Plaintiffs
17 also seek attorneys' fees and costs. 18 U.S.C. § 1964(c).
18    The Second, Third and Fourth Causes of Action allege breach of contract based on
19 Defendants' failure to repay the money and record the notes. Plaintiffs seek the principal sum
20 they advanced and investment return and pre-judgment interest thereon, as well as attorneys' fees
21 and costs, as provided for in the promissory notes.
22    The Fifth, Sixth and Seventh Causes of Action allege fraud based on Defendants'
23 intentional misrepresentations made with the intent to induce Plaintiffs to advance money.
24 Plaintiffs request actual damages, as well as exemplary and punitive damages.
25    In the Eighth Cause of Action, Plaintiffs allege that Defendants breached the implied
26 covenant of good faith and fair dealing by failing to perform their obligations under the
27 promissory notes. Plaintiffs seek damages, as well as an investment return and pre-judgment
28 interest.

In the Ninth Cause of Action, Plaintiffs allege that Defendants, by false, fraudulent and deceptive means, misappropriated and converted to their personal use and possession, the principal amounts lent by each Plaintiff.  They seek damages in the amount of money Defendants converted, interest, and exemplary and punitive damages.

The Tenth Cause of Action states a claim for money had and received by all Plaintiffs.  They seek the principal sum advanced and interest thereon.

## PLAINTIFFS' DECLARATIONS

Plaintiffs submit their declarations in support of the motion for default judgment.  The declarations provide more detail about the events leading up to the execution of the promissory notes.  Plaintiff Foy explained that as an engineer, he had previously worked with SEE and Cowles and had been consulted on their plans for the Taft biodiesel plant.  Declaration of Rick Foy ("Foy Dec."), ¶ 7.  On or about July 13, 2007, Defendant Mock sent Foy an e-mail requesting help to raise $500,000 to purchase the Taft Property.  He indicated that SEE would pay interest on any loan and that it would be secured by a recorded interest in the Taft Property.  Foy Dec., ¶ 8.  Later that day, Foy called friends and co-Plaintiffs Lane and Braunberger.  Foy Dec., ¶ 9, Declaration of Dean Lane ("Lane Dec."), ¶ 8, Declaration of Jennie Braunberger ("Braunberger Dec."), ¶ 7.

On or about July 14, 2007, Cowles provided Foy with documents showing that SEE was in the process of obtaining a corporate loan of close to forty million dollars from SWS Financial, as initial capital funding to construct the plant.  Foy Dec., ¶ 10, Exh. A.  Cowles emphasized that the loan evidenced SEE's strong initial working capital and that it would be able to repay the loans.  Cowles also stated that SEE needed to purchase the Taft Property before any funding and development of its project could proceed.  Foy Dec., ¶ 10.  Foy shared these documents with Lane and Braunberger.  Lane Dec., ¶ 9, Braunberger Dec., ¶ 8.

On or about July 15, 2007, Cowles arranged a conference call with a representative from SWS Financial, Braunberger, Lane and Foy.  SWS Financial informed Plaintiffs that the corporate loan was certain to be approved and was on the verge of being issued.  Foy Dec., ¶ 11, Lane Dec., ¶ 10, Braunberger Dec., ¶ 10.

Based on the assurances made by Cowles, Mock and SWS Financial, Plaintiffs decided that a loan to SEE would be a financially sound investment. Plaintiffs executed promissory notes, which were sent electronically, on July 16, 2007. Foy Dec., ¶ 12, Exh. B. Lane Dec., ¶ 11, Exh. A., Braunberger Dec., ¶ 11, Exh. A.

SEE and Cowles insisted that the funds be transmitted to its bank via electronic wire transfer and Foy therefore wired $150,000 (his $50,000 and Braunberger's $100,000) from his bank to Ticor Title Co., in Bakersfield, on July 19, 2007. Foy Dec., ¶ 13, Braunberger Dec., ¶ 12. Lane wired $100,000 to Washington Mutual on or around July 31, 2007. Lane Dec., ¶ 12.

## DISCUSSION

A.   Legal Standard

Plaintiffs move for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), which provides that judgment may be entered:

> (2)   By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." Dundee Cement Co. v. Highway Pipe and Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice §55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in

the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Defendants were served with the complaint on December 28, 2007. The Clerk entered default on February 12, 2008. There is no evidence that Defendants are infants or incompetent persons, or in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

B.     Plaintiffs' Claims

Plaintiffs action has two main components- one based in RICO and the other in breach of contract. Insofar as Plaintiffs request that their damages be trebled as provided for in 18 U.S.C. § 1964(c), the request is denied. Plaintiffs' RICO claim is tenuous, at best, and does not support an award of treble damages.

Plaintiffs' breach of contract-based claims are, however, sufficiently pled and well supported. Plaintiffs are therefore entitled to recover the principal amount invested, as well as 15 percent of that amount as investment return. Although the promissory notes provide for a 25 percent return, the Court finds this amount to be usurious, in part because it is based on a loan term of less than three months. Cal. Civ. Code § 1916-1, et seq. Plaintiffs are also entitled to prejudgment interest at the rate of 10 percent per annum. Cal. Civ. Code § 3289. The total amount is to be offset by $35,000.

Plaintiffs are also entitled to attorneys' fees and costs, as provided for in the promissory notes, in the total amount of $15,568.81 ($14,521.16 in legal fees and $1,047.65 in costs). Foy Dec., ¶ 22, Lane Dec., ¶ 22, Braunberger Dec., ¶ 23.

**ORDER**

For the reasons discussed above, the Court ORDERS that:

1.     Plaintiffs' motion for default judgment be GRANTED;

2.     Plaintiffs' be AWARDED damages as follows:

1       Lane Plaintiffs: $115,000, plus interest at a rate of 10 percent per annum, from November 12, 2007.

      Braunberger: $115,000, plus interest at a rate of 10 percent per annum, from November 12, 2007.

      Foy: $57,500, plus interest at a rate of 10 percent per annum, from October 1, 2007.

      The total amount of damages ($287,500, plus interest) is subject to a $35,000 offset, representing the amount of the settlement with Defendant Mock.

    3.    Plaintiffs be AWARDED attorneys' fees and costs in the total amount of $15,568.81.

IT IS SO ORDERED.

**Dated:**   **August 3, 2008**                      /s/ **Dennis L. Beck**
                                                          UNITED STATES MAGISTRATE JUDGE